UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER BRYAN MCKENZIE,

Plaintiff,

v.

EDWARD BORLA, et al.,

Defendants.

Case No. 25-cv-02820-TLT

**ORDER OF SERVICE**

Plaintiff, a prisoner at Correctional Training Facility (CTF), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend. Plaintiff's First Amended Complaint (FAC) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the FAC is ordered served on defendants Borla and Macomber.[1]

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

---

[1] At least seven other cases raising similar or identical claims have been related to plaintiff's case. After the cases have been screened, the Court will consider a motion by defendants to set a bellwether case for the purpose of resolution of dispositive motions and, if necessary, trial.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**B.  Plaintiff's Claims**

The FAC names the CTF Warden Edward Borla, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) Jefferey Macomber, and the California Department of Corrections and Rehabilitation (CDCR) as defendants and alleges that defendants have violated his Eighth Amendment rights by housing him in an unconstitutionally small double cell with another prisoner since November 9, 2022. He alleges his cell has only 19 square feet of unencumbered space, or only 9.5 square feet per prisoner, which violates CDCR's guidelines and

the Constitution. He alleges prisoners at CTF have been double-celled in certain North Yard buildings since 2011 although the rooms in these buildings were not built to be double cells.

Plaintiff seeks damages.

**C.    Analysis**

Defendant CDCR is dismissed as a defendant because it is an agency of the state and therefore has Eleventh Amendment immunity from suit for damages.

While the Constitution does not mandate comfortable prisons, it does require that prisoners have the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Id.* at 346 (internal quotation marks omitted). Liberally construed, plaintiff has stated an Eighth Amendment claim against defendants Borla and Macomber for inadequate living space.

**CONCLUSION**

1.    Defendant CDCR is dismissed.

2.    Plaintiff has stated a cognizable Eighth Amendment claim against defendants Borla and Macomber.

3.    The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a.    Edward Borla, Warden of CTF

    b.    Jefferey Macomber, Secretary of CDCR

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 23), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by

1 the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or
2 could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service
3 Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court
4 a waiver of service of process for the defendant(s) who are waiving service.

5 Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
6 defendant who has not waived service according to the CDCR Report of E-Service Waiver a
7 USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies
8 of this order, the summons, and the operative complaint for service upon each defendant who has
9 not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
10 Service Waiver.

11     4.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
12 requires defendants to cooperate in saving unnecessary costs of service of the summons and
13 complaint. If service is waived, this action will proceed as if defendants had been served on the
14 date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be
15 required to serve and file an answer before **sixty (60) days** from the date on which the CDCR
16 provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's
17 Office. (This allows a longer time to respond than would be required if formal service of
18 summons is necessary.) If defendants have not waived service and have instead been served by
19 the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being
20 served with the summons and complaint.

21     5.    Defendants shall answer the complaint in accordance with the Federal Rules of
22 Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

23     a.    No later than **sixty (60) days** from the date their answer is due, defendants
24 shall file a motion for summary judgment or other dispositive motion. The motion must be
25 supported by adequate factual documentation, must conform in all respects to Federal Rule of
26 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** after the date on which defendants' motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do to oppose a motion for summary judgment. Generally, summary judgment must be

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1  granted when there is no genuine issue of material fact—that is, if there is no real dispute about
2  any fact that would affect the result of your case, the party who asked for summary judgment is
3  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
4  makes a motion for summary judgment that is supported properly by declarations (or other sworn
5  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
6  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
7  as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
8  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
9  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
10 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
11 F.3d at 962-63.

12 Plaintiff also is advised that—in the rare event that defendants argue that the failure to
13 exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
14 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
15 prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
16 exhaust your available administrative remedies before coming to federal court.  Such evidence
17 may include: (1) declarations, which are statements signed under penalty of perjury by you or
18 others who have personal knowledge of relevant matters; (2) authenticated documents—
19 documents accompanied by a declaration showing where they came from and why they are
20 authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
21 in your complaint insofar as they were made under penalty of perjury and they show that you have
22 personal knowledge of the matters state therein.  As mentioned above, in considering a motion to
23 dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment
24 motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed
25 issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

26 (The notices above do not excuse defendants' obligation to serve similar notices again
27 concurrently with motions to dismiss for failure to exhaust available administrative remedies and
28 motions for summary judgment.  *Woods*, 684 F.3d at 935.)

        d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

7.    All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: October 28, 2025

TRINA L. THOMPSON
United States District Judge

7